IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 4:23CR268 |
| § | Judge Jordan |
| WILLIAM McKINNLEY GARLAND (1) § | |
|   a/k/a Evangelista, a/k/a Lobo, § | |
|   a/k/a Vangelisa, a/k/a Ville, § | |
|   a/k/a Lex, a/k/a "V," a/k/a Victor Yamaguchi § | |
| ANASTASIYA CLAIRE LYONS (5) § | |
|   a/k/a Frosty, a/k/a Elena Frost, § | |
|   a/k/a Ana Frost, a/k/a Bane, § | |
|   a/k/a Baiine § | |

## GOVERNMENT'S MOTION TO SEAL EXHIBITS

The United States, by and through United States Attorney Jay R. Combs, Assistant United States Attorney Marisa J. Miller, of counsel, hereby submits its motion to seal certain trial exhibits and would show the Court as follows:

Trial in the above-captioned matter began on January 12, 2026. ECF #242. As part of the government's case-in-chief, counsel for the United States offered various exhibits for admission. Some of these exhibits contained depictions of victims and their bodies, including through photographs, advertisements on commercial sex websites, and body camera footage. These depictions were contained in Government's Exabits 11, 16A, 19, 20, 21, 23A, 63, 65, 66, 67, 68, 677A, and 678B, each of which were admitted into evidence. Pursuant to 18 U.S.C. § 3771(a)(8), the victims are entitled to be treated "with fairness and with respect for [their] dignity and privacy." Given that Exhibits 11,

16A, 19, 20, 21, 23A, 63, 65, 66, 67, 68, 677A, and 678A depict the victims' faces, their bodies, their voices, and other identifying information, the government respectfully asserts that these exhibits should be sealed. The government does not seek to seal or otherwise alter admitted Government Exhibits 16B, 23B, 677B, or 678B, each of which constitute transcripts of the aforementioned video files. The transcripts do not contain information violative of the victims' right to dignity and privacy.

Another admitted exhibit, Government's Exhibit 716A contained a co-defendant's personal bank account information. The government respectfully requests that this exhibit be sealed to prevent against the dissemination of the co-defendant's personal identifying information and their bank account information. Fed. R. Crim. P. 49.1(a) and (d).

And finally, Government Exhibits 52, 54, and 56 consist of the co-defendants' plea agreements. As these plea agreements are still sealed in each defendant's criminal case, they may not yet be filed publicly as trial exhibits. Local Rule CR-49(c). However, the government acknowledges that this sealing request may be revisited at such time as the plea agreements are themselves unsealed in each defendant's case. Local Rule CR-49(d).

Accordingly, the government seeks to seal the aforementioned exhibits in order to prevent the dissemination of victim identifying information, information protected by the Federal Rules of Criminal Procedure, or information that is currently sealed pursuant to the Local Rules in the Eastern District of Texas.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

/s/_____
MARISA J. MILLER
Assistant United States Attorney
New York Bar No. 4366415
101 East Park Boulevard, Suite 500
Plano, Texas 75074
(972) 509-1201
Marisa.Miller@usdoj.gov

### **CERTIFICATE OF CONFERENCE**

Counsel for the United States conferred with Rafael De La Garza, Esq. and James Whalen, Esq.., counsel for William McKinnley Garland, as well as Phillip Linder, Esq. and Aaron Veuleman, Esq., counsel for Anastasiya Claire Lyons, about this matter. Counsel for each defendant have advised that they do object to the government's motion.

/s/_____
MARISA J. MILLER

### **CERTIFICATE OF SERVICE**

This is to certify that on January 30, 2026, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of this document to be delivered to counsel for the defendants via electronic mail.

/s/_____
MARISA J. MILLER