1

                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF TEXAS
                        SHERMAN DIVISION


 UNITED STATES OF AMERICA  ]  DOCKET 4:23-CR-268(1)
                           ]          4:23-CR-268(5)
                           ]
 VS.                       ]  JANUARY 22, 2026
                           ]
                           ]  9:00 A.M.
 WILLIAM MCKINNLEY         ]
 GARLAND AND               ]  PLANO, TEXAS
 ANASTASIYA CLAIRE LYONS   ]
                           ]

------------------------------------------------------------

              VOLUME 1 OF 1 PAGES 1 THROUGH 14

            REPORTER'S TRANSCRIPT OF JURY VERDICT

             BEFORE THE HONORABLE SEAN D. JORDAN
                UNITED STATES DISTRICT JUDGE

------------------------------------------------------------


APPEARANCES:

FOR THE GOVERNMENT:    MARISA MILLER
                       CHALANA OLIVER
                       U.S. ATTORNEY'S OFFICE
                       101 E. PARK BLVD, SUITE 500
                       PLANO, TEXAS 75074


FOR THE DEFENDANT GARLAND:
                       RAFAEL DE LA GARZA
                       THE DE LA GARZA LAW FIRM
                       3941 LEGACY DR
                       SUITE 204-A192
                       PLANO, TEXAS 75023

                       JAMES WHALEN
                       WHALEN LAW OFFICE
                       9300 JOHN HICKMAN PARKWAY
                       SUITE 501
                       FRISCO, TEXAS 75035

FOR THE DEFENDANT LYONS:
                    PHILIP LINDER
                    BARRETT BRIGHT LASSITER LINDER
                    PEREZ
                    3300 OAK LAWN AVE
                    SUITE 700
                    DALLAS, TEXAS 75219

                    AARON VEULEMAN
                    LAW OFFICE OF AARON VEULEMAN
                    330 OAK LAWN AVE
                    SUITE 700
                    DALLAS, TEXAS 75219

COURT REPORTER:         RUTH C. WEESE, RDR-CSR
                        FEDERAL OFFICIAL REPORTER
                        7940 PRESTON ROAD
                        PLANO, TEXAS   75024


  PROCEEDINGS REPORTED USING COMPUTERIZED STENOTYPE;
 TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.

4

# TABLE OF CONTENTS

PAGE

VERDICT.....5

(Thereupon, jury began deliberating at 9:00 a.m.)

(Thereupon, a verdict was returned at 10:19 a.m.)

(The following was held outside the presence of the jury at 10:30 a.m.)

THE COURT:  Good morning, please be seated. Counsel, we are back on the record in Cause No. 4:23-CR-268, United States versus William McKinnley Garland and Anastasiya Claire Lyons.  And we have received our third note from the jury that tells us they have reached a verdict.  So, counsel, I am about to bring the jury back in.  Anything we need to discuss before that?

MS. MILLER:  No, Your Honor.

MR. DE LA GARZA:  No, Your Honor.

MR. LINDER:  No, Your Honor.

THE COURT:  All right.  Let's go ahead and bring the jury in.

(Jury entered courtroom, 10:32 a.m.)

THE COURT:  Members of the jury, I have been advised by your third jury note that you are ready to return a verdict.  Let me ask who will speak as the foreperson of the jury?

JUROR NO. 1:  I will.

THE COURT: Juror No. 1, has the jury unanimously agreed on its verdict?

JUROR NO. 1: The jury has unanimously agreed on the verdict.

THE COURT: All right. Would you please hand the verdict to our court security officer.

(Brief pause.)

THE COURT: Will the Defendants please stand at this time. The verdict will now be published.

COURTROOM DEPUTY: Verdict of the jury. As to the offense charged in Count 1 of the Second Superseding Indictment, we the jury find William McKinnley Garland guilty. As to the offense charged in Count 2 of the Second Superseding Indictment, we the jury find William McKinnley Garland guilty. As to the offense charged in Count 2 of the Second Superseding Indictment, we the jury find Anastasiya Claire Lyons guilty. Dated January 22nd, 2026, and signed by the presiding juror.

THE COURT: Is there a request to poll the jury?

MR. DE LA GARZA: Yes, Your Honor.

THE COURT: Let's have the jury polled.

COURTROOM DEPUTY: Juror No. 1, is this your verdict?

JUROR NO. 1: Yes.

COURTROOM DEPUTY:  Juror No. 2, is this your verdict?

JUROR NO. 2:  Yes.

COURTROOM DEPUTY:  Juror No. 3, is this your verdict?

JUROR NO. 3:  Yes.

COURTROOM DEPUTY:  Juror No. 4, is this your verdict?

JUROR NO. 4:  Yes.

COURTROOM DEPUTY:  Juror No. 5, is this your verdict?

JUROR NO. 5:  Yes, it is.

COURTROOM DEPUTY:  Juror No. 6, is this your verdict?

JUROR NO. 6:  Yes.

COURTROOM DEPUTY:  Juror No. 7, is this your verdict?

JUROR NO. 7:  Yes.

COURTROOM DEPUTY:  Juror No. 8, is this your verdict?

JUROR NO. 8:  Yes.

COURTROOM DEPUTY:  Juror No. 9, is this your verdict?

JUROR NO. 9:  Yes.

COURTROOM DEPUTY:  Juror 10, is this your

verdict?

JUROR NO. 10: Yes.

COURTROOM DEPUTY: Juror No. 11, is this your verdict?

JUROR NO. 11: Yes.

COURTROOM DEPUTY: Juror No. 12, is this your verdict?

JUROR NO. 12: Yes.

THE COURT: All right. Thank you. You can be seated at this time. So the verdict is confirmed and accepted. The court administrator will file and record the verdict. The jury is now discharged. I would like to thank each of you very much for your service through this trial, including our alternate jurors who are here as well. You will now be free to discuss this case with anyone you wish to. You can speak with the lawyers if you'd like or you can speak with the media if you'd like, but you are certainly not obligated to do so. I would ask at this time if you would return to your jury deliberation room briefly because I want to be able to come back there and visit with you again in just couple of minutes. I promise it won't be long. I know you have spent a lot of time there. But again, I know I speak for all the lawyers and the parties in this case and all of our courthouse staff in thanking you so very much for

your service.

UNKNOWN JUROR NO:  Can Juror A1 and 2 come back there with us?

THE COURT:  Yes, they can.  The alternates, please actually do -- I would request if they are willing they also wait with you in there.  So thank you for asking that question.  So again, I do very much thank you all.  I will see you in your jury room shortly in a few minutes.  Thank you all.

(Jury exited courtroom, 10:35 a.m.)

THE COURT:  You can be seated.  So as to Mr. Garland and Ms. Lyons, they will be remanded to the custody of the United States Marshal pending sentencing and they will be delivered back to this court for the purpose of sentencing.  A written presentence report will be prepared by the probation office as to each Defendant to assist the Court in sentencing.  Each of you will be asked to give information for the report and your attorney may be present if you wish.  You and your counsel will review and fully discuss the presentence report before the sentencing hearing and you may make objections that you deem necessary.  You and your attorney will have an opportunity to address the Court at the sentencing hearing and the Defendants are also now referred to the probation office for a presentence

investigation and the preparation of presentence reports.

Now, as we have confirmed in recent days as to the forfeiture issue, the Defendants have indicated their preference for a bench trial on that. So what we will need to do is schedule a hearing for the forfeiture issue. Obviously that needs to be in advance of sentencing. Let me ask the parties briefly about that in terms of timing or anything else you want to say about that hearing. Ms. Miller.

MS. MILLER: Your Honor, defense counsel and I have had a few opportunities to speak about it. The challenge in this case is that some of the items while seized I do expect to be returned. One of the things is Ms. Lyons's handbag. We are not seeking to take her handbag. Some of the other items such as the guns I don't believe these Defendants have standing. So I think when the parties -- if we have a sufficient enough opportunity that we can communicate among ourselves, we might actually be able to whittle down the scope of what that hearing would look like.

THE COURT: That sounds like it would be very helpful. Mr. Whalen or Mr. De La Garza, do you agree with what Ms. Miller has said?

MR. WHALEN: I do, Your Honor. I think if we have adequate time we can sit down and cull that down and

probably there may come a point where we don't even need a hearing. So I think if we have enough time to get together we may not have a need for any of that.

THE COURT: All right. Mr. Linder, you agree with all that?

MR. LINDER: I would concur.

THE COURT: All right. So what I may do is just issue a brief order that just asks the parties to confer together, the Government confer with the defense counsel, and I would say my goal would be within the next two weeks if that's feasible to get some sort of a joint filing from the parties with their positions and recommendations concerning the handling of the forfeiture issues in this case. If you need more time than that you can just come back and say the parties need additional time. I am trying to put -- if you want me to put it out further in the initial order you can tell me now.

MS. MILLER: Your Honor, would you give us one month?

THE COURT: Yes. Is that suitable for Defendants?

MR. WHALEN: It is, Your Honor.

MR. LINDER: Yes.

THE COURT: So we will give you 30 days to confer and then come back to the Court with a joint

advisory on the parties positions concerning forfeiture and how to proceed on that issue.

Beyond that, I assume you might have -- have I covered everything we need to talk about on forfeiture?

MS. MILLER:  Yes.

MR. LINDER:  Yes, sir.

MR. DE LA GARZA:  Yes.

THE COURT:  Ms. Miller, I assume we may have motions regarding the evidence in the case.

MS. MILLER:  Yes, Your Honor.  I would like to make a motion to substitute all of the physical evidence. We have photos of everything that I have on this flash drive.

THE COURT:  Any objection?

MR. WHALEN:  No objection.

MR. LINDER:  No objection.

THE COURT:  That is granted.

MS. MILLER:  Your Honor, secondly, while we have redacted many of the exhibits, some of the exhibits depict the victim's faces so I will be filing a written motion this afternoon in order to seal just those particular exhibits that depict the victim's faces.

THE COURT:  Since that's coming in in writing I will assume there won't be objections to that.

MR. WHALEN:  No.

MR. LINDER:  No objection.

THE COURT:  I will look for that motion and we can get that order out.  Anything else from the Government?

MS. MILLER:  No.  Thank you, Your Honor.

THE COURT:  Anything else from the defense at this time?

MR. WHALEN:  No, Your Honor.

MR. LINDER:  No, sir.

THE COURT:  I want to let counsel know that I am going to go back and be visiting with the jurors and so let me know if you would like to visit with the jurors because we will ask them if they are willing to visit with any attorneys that would like to visit with them.  I will start with the Government.  Ms. Miller, do you want to visit with the jurors?

MS. MILLER:  Only if they want to visit with us.  We are not asking -- if that's something they request then we are certainly happy to do it, but we don't want to put them in that position.  They have been here a long time.

THE COURT:  Understood.  How about on the defense side?

MR. WHALEN:  We always would love to visit with them to learn so we would like the opportunity if

they are open for it.

MR. LINDER:  Same.

THE COURT:  All right.  I will do that.  I will let the jurors know that defense counsel would like to visit with them and the Government is willing to visit with them, but otherwise we are adjourned on this case.

(Proceedings concluded, 10:40 a.m.)

COURT REPORTER'S CERTIFICATION

I HEREBY CERTIFY THAT ON THIS DATE, FEBRUARY 25, 2026, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS.


_____

RUTH C. WEESE, RDR, CSR

TEXAS CSR NO. 9493 Expiration Date: 07-31-2026